HALL, P.J., dissenting:
{¶ 44} I would not reverse and remand this case to juvenile court for two reasons: (1) D.F. did not assign any error to the mandatory nature of the transfer of the murder case from juvenile court to the general division and, therefore, given the facts of this case, we should not take notice of plain error; and (2) because the trial court conducted an amenability hearing and determined that D.F. was not amenable to treatment in the juvenile system on the felonious-assault charge, the predicate offense for the felony-murder charge, any error in transferring the murder charge, under the unique facts of this case, is harmless.
{¶ 45} None of D.F.'s five assignments of error challenge the transfer of the murder charge to adult court, the general division of the common pleas court. The only assignment dealing with transfer at all is the fifth, which challenges the outcome of the amenability hearing. But that only dealt with transfer of the felonious-assault charge, not the murder count. The appellant's framing of the issue for that assignment of error indicates the narrow focus: "Was it unreasonable for the juvenile court to transfer [D.F.'s] felonious assault charge to criminal court when the juvenile court failed to consider the full range of dispositional options available to rehabilitate [D.F.] while also protecting the safety of the community?" (Appellant's Brief, Issue presented for review, Pg. ii). I recognize that *399 State v. Aalim , 150 Ohio St.3d 463, 2016-Ohio-8278, 83 N.E.3d 862 (currently stayed pending reconsideration),[2] holding that mandatory transfer of juvenile cases for those statutorily listed charges is unconstitutional, was decided after briefing was completed. However, D.F. filed a notice of supplemental authority, citing Aalim and a related case, but did not request that we consider an additional or supplemental assignment of error challenging transfer of the murder charge. Whether he failed to do so because he had been found guilty of a lesser included offense of voluntary manslaughter, resulting in a sentence of 11 years in prison rather than exposure to a statutory murder sentence of 15 years to life, is unknown. Under these circumstances, I would not notice and decide the case on an unassigned error.
{¶ 46} The unique facts and procedure in this case also render any error about transfer of the murder charge harmless. D.F. was charged with delinquency by virtue of felonious assault related to the June 8, 2014 beating of Ryan Adams on June 11, 2014. The trial court found probable cause to proceed on August 4, 2014 and scheduled the felonious-assault charge for an amenability hearing on September 17, 2014. In the interim, on August 27, 2014, Adams died and a murder charge was added on September 8, 2014. The amenability hearing on felonious assault was continued and was conducted on October 31, 2014. In an entry separate from the mandatory transfer of the murder case, the trial court ordered transfer of the felonious assault charge to adult court under the discretionary-transfer provisions of R.C. 2152.12.
{¶ 47} The murder count in the September 8, 2014 amended complaint refers to causing death of Ryan Adams as a proximate result of committing felonious assault on June 8, 2014, "an act contrary to Section 2903.02(B) of the Ohio Revised code," which is Ohio's felony-murder statute. That means the only difference between the felonious-assault charge, for which there was an amenability hearing, and the felony-murder charge, which mandatorily was transferred, is that the serious physical harm imposed upon the victim eventually resulted in death. It is inconceivable and impossible to imagine that D.F., found not amenable to treatment in juvenile court for felonious assault, ever could be found amenable to treatment for murder as a proximate result of the felonious assault based on the same incident. That makes the lack of an amenability hearing on the murder charge a harmless, inconsequential error.
{¶ 48} Accordingly, I dissent from the reversal and remand. In light of the majority decision, it is unnecessary to address the remaining four assignments of error.

The Aalim case involved mandatory transfer of an aggravated robbery case involving a firearm specification, an R.C. 2152.02"category two" offense, which was mandatorily transferred under R.C. 2152.10(A)(2). One might distinguish the case here because it involves transfer of an R.C. 2152.02"category one" murder charge. Category one includes only aggravated murder and murder or attempts at either. A fair reading of the Aalim majority opinion would mean that any mandatory transfer is a violation of Article I, Section 16 of the Ohio Constitution, regardless of the severity of the charge. Needless to say, until a decision on reconsideration of Aalim is issued, the efficacy or extent of the holding is uncertain.